### HERBERT L. POLK and GEORGE A. GEAR d/b/a LAMAR CITRUS OUTDOOR v. MAURICE HENDERSON, RALPH SMITH, TOM COOPER, HOWARD HOOPER and LUKE WALDRON, Constituting the Board of County Commissioners of Hardee County, Florida

No. GA-C-75-135

Circuit Court, Hardee County

February 4, 1976

Michael D. Martin, for plaintiffs.

R. Earl Collins, for defendants.

WILLIAM A. NORRIS, Circuit Judge

This cause came on to be heard before the Court on a Motion for Summary Judgment filed by plaintiffs. The Court, having considered the pleadings, affidavit, and testimony taken as well as the applicable law, makes the following findings:

At the hearing of this cause, plaintiffs submitted testimony by affidavit. The defendants did not submit a counteraffidavit but did bring to the hearing witnesses to testify. Although irregular, the plaintiffs stipulated with counsel for the defendants that the testimony could be considered

as counteraffidavits so that the hearing could be held and the Court could be fully advised regarding all material and relevant facts.

The undisputed facts show that LAMAR CITRUS OUTDOOR, who will be hereafter referred to.as LAMAR, has, along with its predecessors in business, been involved in the business of outdoor advertising in Hardee County for more than 57 years. The poster panel billboards of LAMAR are situated in various municipalities of Hardee County as well as within the territorial limits of the County of Hardee itself. LAMAR had two poster panels located near the City of Wauchula, Florida that were lost due to the sale of the real property upon which they were constructed. LAMAR found a suitable site to relocate the two poster panels near the City of Wauchula in the County of Hardee in an area zoned commercial 1 or C-1. In January of 1975, LAMAR applied for a permit to construct the two poster panels, which permit was denied. Later in January of 1975, LAMAR applied for a variance from the Hardee County Planning and Zoning Board, which variance was denied on the ground that the size of LAMAR's poster panels were larger than permitted by the ordinance and their poster panels were considered billboards.

The billboards of the plaintiff, LAMAR, are 25' X 12', a standard size used nationally by all national advertisers. LAMAR cannot reduce its signs to meet varying footage requirements of counties or cities.

Testimony presented by the defendants indicated that the County had, in fact, adopted a zoning ordinance stating "no billboards shall be allowed," and that the County had further adopted size limitations of six feet by five feet for all signs.

There is no dispute between the parties as to any material fact and no genuine issue regarding any fact presented by either party so that the issue devolves into one of law.

Article I, Section 13, of the Hardee County Zoning Ordinance states as follows:

> "The purposes of this zoning ordinance and the zoning district and regulations herein setforth, and as outlined on the zoning map, are to provide for the orderly growth of the County, to encourage the most appropriate use of land, to protect and conserve the value of property, to prevent the overcrowding of land, and to promote the health, safety and general welfare of the public."

Article I, Section 14, of the Hardee County Zoning Ordinance entitled Goals states the following:

"The goals of the zoning ordinance are to attain a coordinated and compatible land use arrangement which will promote the health, safety and welfare of the citizens of Hardee County; to establish desirable land use policies and regulations which will facilitate land utilization and attain the most desirable and best use of resources available to the residents of Hardee County and to attain the maximum coordination and integration of the various land uses so that they can be conveniently and efficiently serviced by community facilities and public streets."

The ordinance provides for different zoning classifications. The C-2 General Commercial District provides that:

"The provisions of this district are intended to apply to area intended to be developed as a major commercial center serving the commercial needs of the community and the region. The types of uses and other restrictions are intended to promote and protect intense commercial development as well as provide adequate protection from conflicts with adjacent residential and other non-commercial uses, and to minimize the interruption of traffic along adjacent thoroughfares."

The sign limitations referred to in C-2 General Commercial are said to be the same as in C-1.

The ordinance is further subdivided into I-1 General Industrial which states as its purpose the following:

"The provisions of this district are intended to apply to an area located in close proximity to transportation facilities and which can serve general manufacturing, storage, distribution and other general industrial functions of the region. Restrictions herein are intended to minimize adverse influences of industrial areas and to eliminate unnecessary industrial traffic through nonindustrial areas."

The sign limitations are referred to as the same as C-1.

The ordinance is further broken down into A-1 Agricultural (Exclusive) the purpose of which is as follows:

"Because the preservation of a maximum amount of the limited supply of prime agricultural land is necessary to the conservation of the County's economic resources and is necessary not only to the maintenance of agricultural economy of the County but also for the assurance of adequate, healthful and nutritious foods for future residents of this state and nation;

this district is set up as an exclusive agricultural zone allowing only agricultural uses and related uses.''

The sign limitations are referred to as the same as C-1.

The ordinance is further broken down into C-1 Neighborhood Commercial District, the purpose of which is to protect neighborhood commercial classifications and minimize conflicts with adjacent residential uses and minimize interruption of traffic along thoroughfares. The C-1 classifications contains the sign limitations which are in issue in this matter and which are carried forward in C-2, I-1, and A-1 districts. The sign limitations are as follows:

1. Signs may be illuminated by steady light having no direct glare on any public street or right-of-way but shall not be illuminated by flashing or blinking lights.

2. No sign shall be placed inside or overhanging a street right-of-way.

3. No sign shall be placed closer than 25 feet to a residential district.

4. Signs shall not exceed 20 feet in height nor 30 square feet in area.

5. Each premise shall be limited to two signs.

6. No billboards shall be allowed.

The plaintiff, LAMAR, has attacked the provisions of paragraph four and six of the signs limitations in the C-1, C-2, I-1, and A-1 districts. The defendants in this action have candidly stated that their reasons for trying to eliminate plaintiff's, LAMAR, signs are that they don't like billboards (large signs) and don't want billboards (large signs) in Hardee County. There is no evidence to show that the signs have ever had any obscene or otherwise objectionable material appearing on them. There is no evidence showing that the areas around them have not been kept free of trash and litter. There is considerable evidence showing that the plaintiff, LAMAR, has been actively engaged in business in Hardee County for the benefit of itself and residents of the County for a considerable number of years, and that the enterprise constitutes a separate and distinct business known as outdoor advertising.

It is alleged in paragraph six of the Complaint that the County of Hardee refused to grant the initial construction

permit application and variance application based on its C-1 Neighborhood Commercial District sign limitations. Plaintiffs further allege that the remaining sign limitations eliminate plaintiffs' poster panels by restricting the height and width. The remaining zone districts, such as C-2 General Commercial and I-1 General Industrial refer to the sign limitations as delineated in C-1 which specifically outlaw billboards.

The Court finds that the poster panel billboards of the plaintiff, LAMAR, do not violate the purpose and/or goal sections of Article I, of the Hardee County Zoning Ordinance. The Court finds that the poster panel billboards of plaintiff, LAMAR, do not violate the intent sections of C-2 General Commercial, I-1 General Industrial, A-1 Agricultural (Exclusive), and C-1 Neighborhood Commercial District.

The Court has considered whether or not paragraph six of the sign limitations stating simply "no billboards shall be allowed" is unconstitutional on its face as being arbitrary and unreasonable. To be valid, an ordinance must be reasonably related to the health, moral, safety or general welfare of the community. An essential limitation upon the exercise of police power is that the law be reasonably necessary and reasonably exercised. If under the guise of a police regulation an ordinance, in reality, amounts to an invasion of the property rights of individuals, the Court has the duty to invalidate the ordinance. The validity of an ordinance enacted pursuant to police power depends on whether the challenged provision is a regulation or prohibition. There can be no doubt, and the Court so finds, that the phrase "no billboards shall be allowed" is an outright prohibition. In the exercise of police powers a county or municipality may create reasonable classifications, however, these classifications must have some relation to the object of the power. An inspection of this ordinance convinces the Court, and the Court finds, that the classification made in the challenged section relating to the outright prohibition of billboards is arbitrary, capricious and prohibitive on its face. *Town of Miami Springs v. C. E. Scoville,* 81 So2d 188, (Fla. 1955). *Stengel v. Crandon,* 23 So2d 835, (Fla. 1945). *Forde v. City of Miami Beach,* 1 So2d 642, (Fla. 1941). *Blitch v. City of Ocala,* 195 So 406, (Fla. 1940).

The next question for the Court to decide is whether paragraph four of the sign limitations stating "signs shall not exceed 20 feet in height nor 30 feet square in area" is arbitrary or unreasonable as applied to plaintiff, LAMAR. Nowhere in the zoning ordinance of Hardee County have the defendants indicated that the ordinance was based on aesthetic

grounds, however, the Court has inferred this when deciding the merits of plaintiffs' motion. The defendants have candidly stated that they do not want billboards in Hardee County, and they have attempted by ordinance to outlaw them. Aesthetic zoning has long been recognized as reasonable in Florida. *Sunad, Inc. vs. City of Sarasota,* 122 So2d 611 (Fla. 1960). The *Sunad* opinion stated the following:

> "This controversy devolves then into the question whether or not the ordinance operates to put the petitioner out of business or so to cripple its business as to amount to an unreasonable and discriminatory invasion of its rights hence an exercise of police power which aesthetics do not warrant."

In the *Sunad,* supra, decision, the classification denominated point of sale allowed wall signs which were unlimited in size and the classification denominated nonpoint of sale limited signs to 300 square feet or to 180 square feet. In the present action, all signs are limited to 30 square feet whether being point of sale or nonpoint of sale. Plaintiff, LAMAR's signs being 12' X 25' and of a standard size, comprise 300 square feet. The County of Hardee, by this sign classification, attempts to abolish on site and off site outdoor advertising, while providing no rational basis for doing so other than traffic control. The effect of paragraph four of the sign limitations of the ordinance would be to eliminate from the County of Hardee all of the signs of the plaintiff, LAMAR. The Court finds that to allow the County of Hardee to so act would result in an unreasonable and discriminatory invasion of the rights of the plaintiff, LAMAR, and in an exercise of police power which aesthetics do not warrant. It is therefore

ORDERED AND ADJUDGED that the following provision:

> "(6) No billboards shall be allowed."

contained in the district regulations for C-1 Neighborhood Commercial, C-2 General Commercial, I-1 General Industrial and A-1 Agricultural (Exclusive), of ordinance number 73-5 of Hardee County, Florida, is unconstitutional on its face, and the defendants and their successors are hereby permanently restrained and enjoined from the enforcement thereof. It is further

ORDERED AND ADJUDGED that the following provision:

> "(4) Signs shall not exceed twenty (20) feet in height nor thirty (30) square feet in area."

contained in the district regulations for C-1 Neighborhood Commercial, C-2 General Commercial, I-1 General Industrial and A-1 Agricultural

(Exclusive), of ordinance number 73-5 of Hardee County, Florida, is unconstitutional as applied to the plaintiff, LAMAR CITRUS OUTDOOR, and the defendants and their successors are hereby permanently restrained and enjoined from enforcement thereof against the plaintiff or its successors. It is further

ORDERED AND ADJUDGED that the defendants shall cause the appropriate permits to issue to the plaintiff.